UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1812

FRANK STEELE,

Plaintiff - Appellant,

versus

DAVID KENNER; KELLER TRANSPORTATION,
INCORPORATED, a Maryland Corporation,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Roger W. Titus, District Judge. (CA-03-
34-RWT)

Argued: February 2, 2005               Decided: April 20, 2005

Before WILKINSON and KING, Circuit Judges, and Samuel G. WILSON,
United States District Judge for the Western District of Virginia,
sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Frederick Dominick Greco, McLean, Virginia, for Appellant.
Robert G. McGinley, Lanham, Maryland, for Appellees. **ON BRIEF:** W.
Scott Greco, GRECO & GRECO, P.C., McLean, Virginia, for Appellant.
Joshua M. Greenberg, LAW OFFICES OF ROBERT G. MCGINLEY, P.C.,
Lanham, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Appellant Frank Steele brought this negligence action under the district court's diversity jurisdiction against Keller Transportation, Inc. and its employee, David Kenner, after a bus driven by Kenner struck Steele as he was crossing the street in Washington, D.C. Defendants admitted liability, and following a bench trial on damages, the court entered judgment for Steele. Steele appealed, challenging a number of the district court's evidentiary rulings. We find no reversible error and affirm.

I.

Steele claims that the January 31, 2001, bus accident aggravated his pre-existing depression, sleep apnea, and post-traumatic stress disorder, leaving him permanently disabled. Dr. Martin Stein, a psychiatrist, had been treating Steele since November 2000 for these conditions and continued to treat Steele following the bus accident. In October 2002, however, pursuant to a Consent Order and following an investigation into his practice, Dr. Stein surrendered his license to the Virginia Board of Medicine.

Steele filed this action on January 7, 2003. Following a three-day bench trial on the issue of damages, the district court found no evidence of a long-term disability and entered judgment for Steele in the amount of $46,667.37. On appeal, Steele contends

that the district court's erroneous evidentiary rulings precluded him from proving that the bus accident permanently disabled him.

Before trial, Steele designated a number of treating physicians to testify on the aggravation of his pre-existing conditions, including Dr. Stein, but he did not designate any expert witnesses under Rule 26(a)(2)(B).[1] The defendants deposed Dr. Stein on September 23, 2003; Dr. Stein refused to answer questions concerning the surrender of his medical license on the ground that the testimony would tend to incriminate him.

On December 4, 2003, the U.S. Magistrate Judge permitted Steele to supplement his Rule 26(a)(2) disclosure by adding Dr. Steven Macedo, a neurologist, as an expert for rebuttal. Later, Steele also sought leave to have Dr. Macedo testify as an expert on causation in his case-in-chief, which the court denied because Steele's deadline for Rule 26(a)(2) designation of experts had passed.

At trial, Steele did not present any live medical testimony in his case-in-chief. Instead, the court reviewed the deposition testimony of several treating physicians, including Dr. Stein, Dr. Michael Clark, who treated Steele after the bus accident, and Dr.

---

[1]Steele noted that Dr. Stein had surrendered his license to practice medicine, and reserved "the right to ask the court to allow [him] to name further experts depending on the issues raised in Dr. Stein's deposition."

Elizabeth Quig, a clinical neuropsychologist to whom Dr. Clark referred Steele.

Following Steele's case-in-chief, the defendants introduced the expert testimony of Dr. Susan Antell, a neuropsychologist, who testified that the bus accident did not permanently disable Steele. In rebuttal, Steele sought to introduce the testimony of Dr. Macedo as an expert on causation. The court excluded Dr. Macedo's testimony, however, because it concluded that Dr. Macedo was not qualified to testify as an expert in neuropsychology and because any other testimony was not rebuttal evidence.

After hearing the testimony of eyewitnesses, expert witnesses, treating physicians, and Steele himself, the court found "significant failures of proof" as to Steele's claim that the bus accident aggravated his pre-existing conditions. J.A. 1373. The court "[did] not find any credible evidence that would...show that [Steele had] met his burden of proving...that he sustained any wage loss that would...disable him to any significant degree beyond June, 2001." J.A. 1369. This appeal followed.

## II.

Steele claims that the district court erred by excluding Dr. Macedo's testimony from his case-in-chief. We review a district court's exclusion of expert witnesses for abuse of discretion. See General Elec. Co. v. Joiner, 522 U.S. 136, 139 (1997). Rule

4

37(c)(1) provides that a party who, "without substantial justification fails to disclose information required by Rule 26(a)...is not, unless such failure is harmless... permitted to use as evidence at trial...any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). The district court has "broad discretion" to determine whether a Rule 26(a) violation is substantially justified or harmless. Southern States Rack & Fixture, Inc. v. Sherwin Williams Co., 318 F.3d 592, 597 (4th Cir. 2003).

Steele argues that Dr. Stein's refusal to answer questions about the surrender of his medical license, requiring Steele to find a new causation expert, constituted "substantial justification" for his failure to designate Dr. Macedo as a case-in-chief witness before the Rule 26(a)(2) disclosure deadline.[2] However, we find that the district court acted well within its discretion in concluding otherwise.

First, we note that Steele never designated Dr. Stein as an expert. Second, in light of the fact that Dr. Stein surrendered his medical license three months before Steele filed suit, we find no fault with the district court's conclusion that it would have been "reasonable and prudent for [Steele]...to have contemplated

---

[2]Plaintiff's Rule 26(a)(2) disclosure deadline was September 28, 2003. On December 5, 2003, the U.S. Magistrate Judge granted Steele permission to supplement his disclosure to add rebuttal experts. Steele did not seek to designate Dr. Macedo as a case-in-chief expert until December 11, 2003.

5

that Dr. Stein was at least a potentially difficult witness...[and] there was ample time for [Steele] to have located another expert" on causation. J.A. 1289. Therefore, the district court did not abuse its discretion in refusing to extend the deadline further and in excluding Dr. Macedo's testimony from Steele's case-in-chief.

## III.

Steele also claims that the court abused its discretion by excluding Dr. Macedo's testimony on rebuttal. "Rebuttal evidence may be introduced only to counter new facts presented in the defendant's case-in-chief." Allen v. Prince George's County, 737 F.2d 1299, 1304 (4th Cir. 1984). A party may not use rebuttal as an attempt to introduce evidence that he should have introduced in his case-in-chief. See U.S. v. Stitt, 250 F.3d 878,897 (4th Cir. 2001) (defining rebuttal evidence as "evidence given to explain, repel, counteract, or disprove evidence offered by the adverse party.") Further, a rebuttal witness must be appropriately qualified to challenge the defendant's expert.

We find that the district court did not abuse its discretion in determining that Dr. Macedo's testimony on causation was not rebuttal evidence. After reviewing Dr. Macedo's expert report and hearing a proffer of Dr. Macedo's testimony, the district court determined that "the only area where he addresse[d] questions that seem[ed] to be potentially of a rebuttal nature...[was] his

6

criticism of the techniques used by Dr. Antell." J.A. 659. The court was within its discretion to exclude testimony by Dr. Macedo that was not responsive to the defendants' expert testimony.

Nor did the district court abuse its discretion in finding that Dr. Macedo was not qualified to challenge Dr. Antell's testimony. The court noted that Dr. Macedo's area of expertise was in neurology and that "to allow him to wander into the neuropsychology [field] and testify about the testing procedures utilized by Dr. Antell would seem...to allow him to be outside his area of expertise." J.A. 662. Dr. Macedo was not a neuropsychologist; he had never qualified as an expert in neuropsychology; he did not review or score raw testing data on a regular basis; and he did not consult with a neuropsychologist in reviewing Dr. Antell's raw testing data. The qualification of an expert witness is quintessentially a district court determination and we find no abuse of discretion.

IV.

Steele also argues that the district court improperly considered facts not in evidence in weighing Dr. Stein's testimony. Although his argument is somewhat unclear, Steele appears to complain that the district court discounted Dr. Stein's testimony based on facts detailed in the Consent Order (the Order) under which Dr. Stein voluntarily surrendered his medical license, though

7

neither party introduced the Order. We do not believe that a fair reading of the record supports the argument. However, even if we were to conclude otherwise, we would not find it improper.

Not only did the parties discuss the circumstances of Dr. Stein's surrender of his medical license at pretrial hearings, but they also made the Order, as well as two Washington Post articles detailing those circumstances, a part of the record. J.A. 86-98; 165-186. The circumstances under which Dr. Stein surrendered his medical license were not irrelevant: they intertwined Dr. Stein's assertion of his Fifth Amendment privilege, and they were not improperly before the court. Accordingly, we find no error.

V.

Steele also contends that the district court erred in discounting the testimony of Drs. Clark and Quig. The weight afforded the testimony of a particular witness is the fact finder's exclusive prerogative unless clearly erroneous. Fed. R. Civ. P. 52(a); See Inwood Laboratories,Inc. v. Ives Laboratories, Inc., 456 U.S. 844, 855 (1982). Here, Steele failed to inform Drs. Clark and Quig of his substantial history with depression and a post-traumatic stress disorder. Under the circumstances, the district court's decision discounting their testimony, was definitely not

"arbitrary or irrational." <u>U.S. v. Achiekwelu</u>, 112 F.3d 747, 753 (4th Cir. 1997).[3]  Thus, there is no clear error.

VI.

Finally, Steele claims that the district court erred in sustaining the defendants' objection to the use of a chart reflecting work missed from January through May 2001 as a result of the bus accident and calculating approximate lost wages.[4]  We note that the court allowed counsel to use an alternative exhibit, Steele's personal calendar, to refresh Steele's recollection of the days he missed work as a result of the accident.  In addition, we note that the court indicated in its findings of fact that it had reviewed the chart as an "aid" to Steele's testimony.  J.A. 1367.  Under these circumstances, we find no indication of prejudice.

VII.

After an exhaustive review of the record in this case, we find no indication of error on any of the challenged matters.  Accordingly, the judgment of the district court is affirmed.

<u>AFFIRMED</u>

---

[3]Indeed, when Dr. Quig learned Steele's history, she withdrew her expert opinion as to the cause of his injuries.

[4]Counsel for Steele attempted to use the chart during Steele's testimony to refresh his recollection.  The court excluded the chart on the grounds that it was "extraordinarily leading."